PER CURIAM.
In this unemployment compensation case claimant contends that the Employment Appeals Board erred in finding that she was disqualified from receiving unemployment benefits under ORS 657.176(2)(c), for leaving her work without good cause.
There is evidence to support each of the Employment Appeals Board’s findings of fact, and those findings justify the conclusion reached. The Board’s order reads in pertinent part:
* * * *
"FINDINGS OF FACT: (1) Claimant served the above employer as a janitor between November 30, 1969 and December 17, 1976. (2) At job’s end, claimant worked a day shift, Monday through Friday and earned $3.87 an hour. (3) While claimant was on vacation in December, her employer informed her that she would not be returning to the job site at which she had worked for 5 years [an office building in downtown Portland]. (4) Claimant was transferred to an evening shift at a different place of employment. (5) She tinned down that job as she did not like evening janitorial work because her husband worked days and it was more convenient for her to work the day shift. * * * (6) It was also suggested that she could transfer to the Portland Airport, however, the claimant did not wish that transfer because of transportation difficulties. (7) The claimant was a member of the Service Employees Union and could have filed a grievance about the transfer, however, she did not do so. (8) Rather than accept the transfer, the claimant quit her job.
"CONCLUSION AND REASONS: * * * Claimant voluntarily left work without good cause. We do not find that this is a discharge for the convenience of the employer. The claimant voluntarily left her job when she was not willing to accept a transfer. This was not a new offer of work as the conditions were substantially the same as those that claimant had previously worked under. A reasonable alternative to quitting this work would have been to accept the transfer and file a grievance. Her failure to pursue this alternative pre *[392] eludes a finding that good cause existed for her job separation. * * * * »
Affirmed.